Argued and submitted October 28, 1988, petition for judicial review dismissed February 22, 1989

ROBERT G. BENTON,
*Petitioner,*

*v.*

STATE BOARD OF PAROLE,
*Respondent.*

(CA A48226)

769 P2d 214

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for petitioner.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner seeks review of an order of the Board of Parole. He contends that the order was dated March 4, 1988, and that his petition for review filed with this court on April 29, 1988, is timely. We dismiss the petition, because it was not filed within the time allowed by ORS 144.335.

Petitioner was incarcerated at the Oregon State Penitentiary in 1981 on a seven-year sentence. He escaped in June, 1985, and was recaptured. On January 28, 1986, the Board set a new parole release date for petitioner. On June 4, 1986, the Board issued an order that paroled petitioner to the State of Georgia to serve a sentence there and that imposed certain conditions of parole, including that he was to report to an Oregon parole office when he was released from the Georgia sentence. It also required him to serve one year of supervised parole in Oregon after his release. Petitioner refused to sign the order and was informed that he was subject to its terms whether he signed it or not.

Petitioner did not report as required on his release from the Georgia prison in August, 1987. He was arrested on an Oregon warrant for a parole violation in October, 1987. The Board hearings officer determined that he had not knowingly violated the conditions of parole and reinstated the one-year supervised parole condition.

On March 4, 1988, after the parole violation hearing, petitioner actually signed the 1986 probation order and he contends that that is the date that it became effective. He is wrong; the order became effective when it was signed on June 4, 1986, by the chairperson of the Board. Petitioner challenges the conditions imposed in 1986. To do that he had to have filed a petition for review within 60 days of the order. ORS 144.335(2). His petition for review was filed almost two years too late.

Petition for judicial review dismissed.